IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE FARRELL and | : | |
| MICHAEL FARRELL, Wife & Husband | : | |
| 410 Little Keen Road | : | |
| Waymart, PA 18472 | : | |
| | : | |
| Plaintiffs | : | |
| | : | CIVIL ACTION – LAW |
| vs. | : | |
| | : | |
| WAYNE MEMORIAL COMMUNITY HEALTH | | |
| CENTERS AND JESSICA GIANETTA CRNP | : | MEDICAL NEGLIGENCE |
| 500 Park Street | : | |
| Honesdale, PA 18431 | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants | : | NO. _____ |

## **COMPLAINT**

AND NOW come the Plaintiffs, Jane Farrell and Michael Farrell, wife and husband, by and through their counsel, The Foley Law Firm P.C., and hereby the following Complaint against the Defendants:

1.      Plaintiffs Jane Farrell and Michael Farrell, wife and husband, are adult citizens and residents of the Commonwealth of Pennsylvania who reside at 410 Little Keen Road, Waymart, PA. 18472.

2.      Defendant, Wayne Memorial Community Health Centers, [hereinafter Wayne Memorial] is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal address at 500 Park Street, Honesdale, PA 18431.

3.      Defendant Wayne Memorial Community Health Centers maintains a medical facility, also known as Highland Physicians employing Jessica Giannetta, CRNP at 1839 Fair Avenue, Honesdale, Pennsylvania, PA 18431.

4.      At all relevant times, Defendant Jessica Gianetta CRNP was the actual,

apparent, and/or ostensible agent and/or employee, and agent of Defendant Wayne Memorial Community Health Centers and Highland Physicians Family Health Center and was acting within the course and scope of her actual and/or ostensible agency and/or employment with Defendant while providing medical care and treatment to Jane Farrell , under the theories of respondeat superior, master- servant, agency, and right of control.

5.      On or about September 4, 2019, Plaintiffs were notified Wayne Memorial Community Health Centers is deemed a federally supported Health Center and the Federal Tort Claims Act (FTCA), 28 U.S. C. §§1346(b), 2671-2680 would control.

6.      On or about September 19, 2019, pursuant to the Federal Tort Claims Act Plaintiffs' counsel submitted a completed Standard Form 95 proscribed by the Department of Justice pursuant to 28 C.F.R. 14.2 to the US Dept. of Health and Human Services.[1]

7.      On October 19, 2017, Plaintiff wife, Jane Farrell sought treatment at Highland Physicians Family Center after suffering hearing loss and a skin irritation for approximately two days.

8.      At the initial visit, Plaintiff wife instructed the nurse practitioner she had suffered hearing loss in addition to suffering from skin irritation.

9.      On October 19, 2017, Plaintiff wife was diagnosed with shingles and prescribed Valtrex an antiviral.

10.      On November 3, 2017, Plaintiff wife returned to Highland Physician Family Center continuing to voice her concerns of hearing loss.

---

[1] Plaintiffs file this Complaint at this time out of an abundance of caution to ensure filing within the applicable statute of limitations.

11.     On or about November 7, 2019, Mrs. Farrell, on her own, sought a second opinion with Mark Frattali, M.D., an ENT-Otolaryngologist but was unable to be seen until December 13, 2017.

12.     On December 13, 2017, after continuing to suffer from hearing loss, Plaintiff wife obtained a second opinion from Dr. Frattali, an ENT-Otolaryngologist.

13.     Dr. Frattali diagnosed Plaintiff wife's hearing loss a result of Plaintiff wife's shingles diagnosed in October.

14.     Dr. Frattali wrote that his ability to treat the hearing loss "was prejudiced" by the failure to timely diagnose and treat Plaintiff wife's hearing loss with steroids by prior treaters.

15.     At all relevant times hereto, Defendant Wayne Memorial Community Health Centers engaged its actual, apparent or ostensible agents, servants and/or employees, various healthcare providers, physicians, residents, fellows, interns, physician assistants and nursing staff who at all times were acting within the course and scope of its agency and/or employment with Defendant and under their exclusive control. Defendant Wayne Memorial Community Health Centers is liable for the negligent and/or reckless acts or omissions of their authorized servants, employees, and actual or ostensible agents under theories of respondeat superior, master-servant, agency, and right of control. The identities of these agents, servants and employees include, Jessica Gianetta CRNP, as well as those physicians, residents, fellows, interns, physician assistants, technicians and nurses who participated in, were consulted about, or were otherwise responsible for the setting up, interpreting and/or reporting on the medical diagnosis of Plaintiff Jane Farrell performed at Highland Physicians Family

Health Center from October – December, 2017.[2]  Plaintiff wife asserts claims for direct and vicarious liability.

16.     Plaintiff is pursuing a professional liability negligence claim against Defendant in connection with her negligent, gross negligence, reckless conduct, and omissions in her care, treatment, and management of Jane Farrell, as well as for the professional negligence of the agents, servants, and employees of Wayne Memorial Community Health Centers and Highland Physicians Family Health Center.  Defendant Wayne Memorial directed, was responsible for and participated in and or was otherwise responsible for Jane Farrell at Highland Physicians Family Health Center, as more particularly described herein.

17.     Defendant Gianetta is vicariously liable to Plaintiffs for injuries sustained as a result of the negligent acts and omissions of the persons whose conduct was under her supervision, control, and right of control, and which conduct increased the risk of injury, and in fact did cause, Jane Farrell's injuries and losses.

18.     At all relevant times, a nurse practitioner-patient relationship existed between Jane Farrell and Defendants, as well as Defendants' agents and employees, and a contract supported by offer, acceptance and consideration existed.

19.     At all relevant times, Defendants had actual and/or constructive knowledge of the negligent medical and professional care and treatment provided to Jane Farrell, and failed to properly oversee and supervise Ms. Gianetta in provision of care to Jane Farrell.

20.     At all relevant times, Jane Farrell relied and/or attempted to rely on the

___

[2] See Estate of Denmark ex rel. Hurst v. Williams, 117 A. 3d 300, 307 2015 Pa. Super 101 (Pa. Super 2015); Sokolsky v. Eidelman, 93 A.3d 858, 865, 2014 Pa. Super 117 (Pa. Super 2014); Breslin v. Mt.View Nursing Hom,171 A. 3d 818 828-29, 2017 Pa. Super 308 (Pa. Super 2017).

actions/inactions and advice of the Defendants in connection with the medical and professional care and treatment provided to her.

21.     The injuries and damages suffered by Jane Farrell were preventable, resulting from improper care management that was caused solely and exclusively by the negligence and recklessness of Defendants, their agents, servants and/or employees, and were due in no manner to any act or failure to act on the part of Plaintiff.

<u>COUNT I</u>

PLAINTIFF JANE FARRELL
v.
JESSICA GIANETTA, CRNP and WAYNE MEMORIAL COMMUNITY HEALTH
CENTERS

22.     Plaintiffs hereby incorporate by reference the averments of the foregoing paragraphs as if fully set forth herein at length.

23.     At all relevant times, Defendant Wayne Memorial Community Health Centers engaged Defendant Jessica Gianetta CRNP and other physicians, technicians, nurses, and other auxiliary staff who participated in the care and treatment of Jane Farrell as their agents, servants, and/or employees to provide medical care and treatment to Jane Farrell while acting within the scope of their actual, apparent, and/or ostensible agency and/or employment with one or more of Defendants. Accordingly, Wayne Memorial Community Health Centers is derivatively liable for the negligent acts and omissions of those individuals and others participating in the care and treatment of Jane Farrell under the principals of respondeat superior, master servant, vicarious liability, agency, and right of control.

24.     The negligence of Defendant Wayne Memorial Community Health

5

Centers and by and through its actual, apparent, and/or ostensible agents, servants, and employees, who participated in the care of Jane Farrell as described herein, including Defendant Jessica Gianetta CRNP, consisted of one or more of the following:

    (a)    Failing to timely treat Plaintiff's loss of hearing with steroids;

    (b)    Failure to provide proper instruction and guidance to Plaintiff wife;

    (c)    Failure to order appropriate tests and/or treatment;

    (d)    Failure to properly diagnose her condition;

    (e)    Failure to immediately refer to an otolaryngology expert in a timely manner;

    (f)    Failure to timely arrange for expert assistance in the diagnosis and treatment where the circumstances demanded urgent facilitation by a healthcare facility;

    (g)    Failure to act in a timely manner;

    (h)    Failure to supervise and oversee personnel under its control and direction;

    (i)    Failure to have a physician examine Mrs. Farrell's condition;

    (j)    Failing to order urgent and timely intervention to properly treat the patients hearing loss;

    (k)    Failure to take appropriate administrative actions to ensure continuity of care.

25.    The foregoing negligence of Jessica Giannetta and Wayne Memorial Community Health Centers acting by and through its servants and employees, increased the risk of harm to plaintiff and caused her to lose her best chance for optimum recovery from her hearing loss which persists.

26.    As a direct and proximate result of the aforementioned negligence and conduct on the part of the Defendants, and each of them, the Plaintiff has incurred medical expenses and other miscellaneous expenses.

27.    As a direct and proximate result of the aforementioned negligence and conduct on the part of the Defendants, and each of them, the Plaintiff has suffered physical pain and suffering, mental anguish and emotional distress, discomfort, inconvenience, embarrassment, humiliation, disfigurement and loss of the ability to enjoy the pleasures of life, and she will continue to so suffer for an indefinite period of time in the future.

WHEREFORE, Plaintiff Jane Farrell demands judgment jointly, severally and/or alternatively, against Wayne Memorial Community Health Centers and Jessica Gianetta CRNP in an amount in excess of $75,000.00 exclusive of pre-judgment interest, post judgment interest and cost.

## COUNT II

### JANE FARRELL v. WAYNE MEMORIAL HEALTH CENTERS
### DIRECT NEGLIGENCE

28.    The proceeding paragraphs are incorporated by reference as if set forth herein.

29.    Wayne Memorial Health Centers breached its non-delegable duty to uphold the proper standard of care to its patient by failing to ensure a patient's safety and wellbeing for care rendered in its healthcare facility. Wayne Memorial Community Health Centers breached its duty (1) to use reasonable care in the maintenance of safe and adequate administrative processes to ensure necessary and timely expert consultation; (2) to select and retain only competent nurse practitioners; (3) to oversee and supervise all persons who practice medicine within its walls as to patient care; and (4) to formulate, adopt, and enforce adequate rules and policies to ensure quality care of the patient regarding oversight of nurse practitioners and for ensuring proper

specialty follow-up.

30.     The Defendants failed to ensure continuity of care, arrange specialty care, and failed to establish proper oversight procedures.

31.     Defendants failure to properly supervise establishes constructive notice. Rauch v. Mike Mayer, 200 Pa. Super 270, 783 A. 2d 815 (Pa. Super 2001)

32.     Defendants failure to ensure prompt physician review of Mrs. Farrell's condition constitutes negligence.  Alternatively, if a physician reviewed the physician assistant's work, the physician employee is negligent.

33.     Wayne Memorial Community Health Centers had actual or constructive notice of the defective procedures that caused the harm.

34.     As a direct and proximate result of the aforementioned negligence and conduct on the part of the Defendants, and each of them, the Plaintiff has incurred medical expenses and other miscellaneous expenses.

35.     As a direct and proximate result of the aforementioned negligence and conduct on the part of the Defendants, and each of them, the Plaintiff has suffered physical pain and suffering, mental anguish and emotional distress, discomfort, inconvenience, embarrassment, humiliation, disfigurement and loss of the ability to enjoy the pleasures of life, and she will continue to so suffer for an indefinite period of time in the future.

WHEREFORE, Plaintiff Jane Farrell demands judgment jointly, severally and /or alternatively against Defendants Wayne Memorial Community Health Center in an amount in excess of $75,000.00 exclusive of pre-judgment interest, post-judgment interest, and costs.

<u>COUNT III</u>

JANE FARRELL v. WAYNE MEMORIAL HEALTH CENTERS
VICARIOUS LIABILITY

36.    The proceeding paragraphs are incorporated by reference as if set forth herein.

37.    At all relevant times, Defendant Wayne Memorial Community Health Centers engaged Defendant Ms. Gianetta and other physicians, technicians, nurses, and other auxiliary staff who participated in the care and treatment of Jane Farrell as their agents, servants, and/or employees to provide medical care and treatment to Jane Farrell while acting within the scope of their actual, apparent, and/or ostensible agency and/or employment with one or more of Defendants. Additionally, Wayne Memorial Community Health Center is both directly and vicariously liable for the negligent acts and omissions of those individuals and others participating in the care and treatment of Jane Farrell under the principals of respondeat superior, master servant, vicarious liability, agency, and right of control.

38.    The foregoing negligence of Wayne Memorial Community Health Center, acting by and through its agents, servants, and employees, increased the risk of harm to Plaintiff and caused her to suffer hearing loss.

39.    As a direct and proximate result of the negligent acts and omissions of Defendant Wayne Memorial Community Health Center, and its agents, servants, and employees as described herein, Plaintiff sustained permanent hearing loss, pain and suffering and emotional upset.  This has diminished Jane Farrell's quality of life and resulted in a loss of enjoyment of life.

40.    As a direct and proximate result of the aforementioned negligence and

conduct on the part of the Defendants, and each of them, the Plaintiff has suffered physical pain and suffering, mental anguish and emotional distress, discomfort, inconvenience, embarrassment, humiliation, disfigurement and loss of the ability to enjoy the pleasures of life, and she will continue to so suffer for an indefinite period of time in the future.

41.   As a direct and proximate result of the aforementioned negligence and conduct on the part of the Defendants, and each of them, the Plaintiff has incurred unnecessary medical expenses and other miscellaneous expenses.

WHEREFORE, Plaintiff Jane Farrell demands judgment against Defendants Wayne Memorial Community Health Center in an amount in excess of the jurisdictional and diversity minimum of $75,000.00 exclusive of pre-judgment interest, post-judgment interest, and costs.

## COUNT IV

### MICHAEL FARRELL v. ALL DEFENDANTS

42.   Plaintiffs incorporate by reference the averments of the preceding paragraphs as if the same were set forth fully at length herein.

43.   As a direct and proximate result of the aforementioned incident and the negligence of the Defendants, and each of them, in causing the serious injuries to the Plaintiff-Wife, Jane Farrell, the Plaintiff-Husband, Michael Farrell, has been deprived of the assistance, society, comfort, services and consortium of his wife and will continue to be so deprived for an indefinite period of time into the future.

WHEREFORE, Plaintiff Michael Farrell demands judgment in his favor and against Defendants in an amount in excess of Seventy-five Thousand Dollars

($75,000.00), exclusive of interest and costs, together with interest and costs and such other relief as the Court deems appropriate.

Respectfully submitted,

FOLEY LAW FIRM


By:    /S/ *Michael J. Foley,*
       Michael J. Foley, Esquire


       *Terrence R. Nealon, Jr.*
       Terrence R. Nealon, Jr., Esquire

## **VERIFICATION**

I hereby verify that I have read the foregoing Complaint and that insofar as it is based upon information within my own knowledge, it is true and correct; insofar as it is based upon the expertise of counsel, I have relied upon counsel in making this Verification.  I understand that this verification is made subject to the provisions of 18 Pa. C.S. ' 4904 pertaining to unsworn falsification to authorities.

_____
Jane Farrell