**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JANE FARRELL and** | |
| **MICHAEL FARRELL,** | : |
| **Plaintiffs** | : |
| | : **CIVIL ACTION NO. 3:19-1786** |
| v. | : |
| | : **(JUDGE MANNION)** |
| **UNITED STATES,**[1] | : |
| **Defendant** | : |

## MEMORANDUM

### I. Background

Plaintiffs, Jane Farrell and her husband Michael Farrell, filed the above captioned medical negligence action on October 15, 2019, pursuant to the Federal Tort Claims Act ("FTCA"). (Doc. 1). Plaintiffs essentially allege that Giannetti negligently treated Jane Farrell's hearing loss at WMCHC in the Fall of 2017, and that as a result the hearing loss became permanent. Before they filed the instant lawsuit on September 19, 2019, each plaintiff submitted an SF-95 administrative tort claim to the United States Department of Health and Human Services ("HHS"). However, to date, plaintiffs have not yet received

---

[1]The court has substituted the United States as the party defendant since the only proper defendant in an FTCA action is the United States itself. Thus, claims brought against parties other than the United States, as in the instant case, should be dismissed. See Priovolos v. FBI, 632 Fed.Appx. 58, 60 (3d Cir. 2015). Wayne Memorial Community Health Centers ("WMCHC") was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2017, and Jessica Giannetti (misspelled by plaintiffs as "Gianetta") was an employee of WMCHC during the relevant times of this case. (Doc. 5-1). Thus, WMCHC and Giannetti must be dismissed from this case.

a final decision regarding their tort claims from the federal agency. Further, plaintiffs tort claims and their administrative remedies remain unexhausted and at least six months has not yet passed since the time they filed their tort claims, which will be March 17, 2020.

Presently before the court is the United States' motion to dismiss due to plaintiffs' undisputed failure to have exhausted their administrative remedies. (Doc. 4). The motion has been fully briefed and is ripe for disposition. For the reasons that follow, the United States' motion will be granted and this case will be dismissed without prejudice.[2]

## II. **Discussion**

As a prerequisite to suit under the FTCA, a claim must first be presented to the federal agency and be denied by the agency, or be deemed to be denied. Section 2675(a) of Title 28, United States Code, provides in pertinent part:

> An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of the agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section....

The plaintiff has the burden of demonstrating that the agency actually

---

[2]Since it is clear that this case must be dismissed, the court cancelled the case management conference scheduled for February 11, 2020.

received the administrative claim. Lightfoot v. United States, 564 F.3d 625 (3d Cir. 2009). This burden rests with the plaintiff because, in general, the United States enjoys sovereign immunity from suit unless it otherwise consents to be sued. White–Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010). The United States' "consent to be sued must be 'unequivocally expressed,' and the terms of such consent define the court's subject matter jurisdiction." Id. The Federal Tort Claims Act constitutes "a limited waiver of the United States's sovereign immunity." Id. The FTCA provides that the United States shall be liable, to the same extent as a private individual, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. §1346(b)(1); see also 28 U.S.C. §2674.

Prior to commencing an FTCA action against the United States in federal court, however, a plaintiff must "first present[ ] the claim to the appropriate Federal agency" and receive a final denial "by the agency in writing and sent by certified or registered mail." 28 U.S.C. §2675(a). A claim is considered to be presented when the federal agency receives written notification of the alleged tortious incident and the alleged injuries, together with a claim for money damages in a sum certain. 28 C.F.R. §14.2(a). If the receiving federal agency fails to make a final disposition of the claim within six months from the time it is filed, that failure is "deemed a final denial of the

3

claim" for purposes of commencing suit under the FTCA. 28 U.S.C. §2675(a).

The Third Circuit has instructed that "[i]n light of the clear, mandatory language of the statute, and [the] strict construction of the limited waiver of sovereign immunity by the United States, ... the requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived." Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003) (citing Livera v. First Nat'l Bank of New Jersey, 879 F.2d 1186, 1194 (3d Cir. 1989)). The Supreme Court has likewise succinctly explained that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil v. United States, 508 U.S. 106, 113 (1993). As a result, a district court may dismiss a claim brought under the FTCA for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) where the plaintiff has not exhausted his administrative remedies prior to filing suit. See, e.g., Abulkhair v. Bush, 413 F. App'x 502, 506 (3d Cir. 2011); Accolla v. United States Gov't, 369 F. App'x 408, 409–10 (3d Cir. 2010) (finding the district court properly dismissed FTCA claim where the plaintiff filed federal suit prior to exhausting administrative remedies); Hurley v. Fata, 2019 WL 6975095, *3 (D.N.J. Dec. 19, 2019) ("Exhaustion of all administrative remedies under the FTCA 'is jurisdictional and cannot be waived.'" "Strict compliance with Section 2675(a) is required to establish

4

subject matter jurisdiction over an FTCA suit.") (internal citations omitted).³

Because plaintiffs were required to have filed their administrative tort claims with HHS and receive a final denial of their claims pursuant to 28 U.S.C. §2675(a) prior to filing their lawsuit, and they failed to do so, this court lacks jurisdiction over the claims. McNeil v. United States, 508 U.S. 106, 111-112 (1993) (holding that a court is without jurisdiction to rule on a prematurely filed action even if an agency denies the related administrative claim soon after the federal lawsuit is filed); Accolla v. United States, 369 F. App'x 408, 409-10 (3d Cir. 2010) (holding "because Accolla filed his FTCA action in federal court before [the agency's ruling on his administrative tort claim] and before the expiration of the appropriate six month period, the District Court was without jurisdiction to rule on the FTCA claim."); Roma v. United States, 344 F.3d 352, 363 (3d Cir. 2003) (noting "the requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived."); Hurley, 2019 WL 6975095, *3 (since administrative claim was not finally denied by agency, the court lacked subject matter jurisdiction over negligence claims under the FTCA).

Finally, this case cannot be stayed pending exhaustion as plaintiffs request since "[plaintiffs] violated the strict requirement that administrative

---

³Although plaintiffs state in their complaint that they filed this action out of an abundance of caution due to concerns over the statute of limitations, the court notes that a tort claim is "presented" (thus tolling the running of the limitations period) when an executed SF-95 and a claim for money damages in a sum certain are received by the government agency. 28 C.F.R. §14.2.

exhaustion must be complete *before* a party may institute a civil action in District Court under the FTCA." Wadhwa v. Nicholson, 367 Fed.Appx. 322, 325 (3d Cir. 2010) (citation omitted) (emphasis original). Thus, the court must dismiss plaintiffs' complaint as opposed to holding the case in abeyance pending plaintiffs' receipt of a final agency decision. Id.

Accordingly, the Untied States' motion to dismiss will be granted.

### III. Conclusion

The court lacks subject matter jurisdiction over this FTCA suit based on plaintiffs' failure to exhaust their administrative remedies with respect to their claims prior to filing this case. Thus, the United States' motion to dismiss, **(Doc. 4)**, will be **GRANTED** and, this case will be **DISMISSED WITHOUT PREJUDICE**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: February 18, 2020**
19-1786-01